# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| INGRAM BARGE COMPANY, LLC, | ) |
| Plaintiff, | ) ) ) Case No. 3:21-cv-00674 |
| v. | ) ) Judge William L. Campbell, Jr. |
| MICHIGAN SALT PRODUCTS, LLC, | ) Magistrate Judge Alistair Newbern ) |
| Defendant. | ) |

## ORDER TO SHOW CAUSE

Pending is Plaintiff's Motion for Entry of Default against Defendant Michigan Salt Products, LLC. (Doc. No. 16). For the following reasons, the Clerk shall hold the Application in abeyance for fourteen (14) days and directs Plaintiff to show cause why Plaintiff's Motion for Entry of Default should not be denied for failure to prove service of process upon Defendant.

### I. Background

On August 30, 2021, Plaintiff filed its Complaint against Defendant. (Doc. No. 1). Summons was issued to "Michigan Salt Products, LLC, 1120 S. Lapeer Road, Suite 200, Oxford, MI 48371" on August 31, 2021. (Doc. No. 5). Plaintiff returned the Summons and Proof of Service declaration executed by Paralegal Michelle Harding on September 14, 2021. (Doc. No. 9). Harding declares under penalty of perjury that Defendant was served via certified mail on September 7, 2021, as evidenced by an attached certified mail return receipt. *Id.* at Page ID# 171. The signature on the U.S. Postal Service receipt is illegible. The printed name of the recipient appears to read, "Susan Harmon," however, the last name is difficult to decipher.

1

Motions for entry of default as to legal entities under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying: (i) proof of service and (ii) the opposing party's failure to plead or otherwise defend. M.D. Tenn. Local R. 55.01. In support of its Motion, Plaintiff submits the Declaration of W. Brantley Phillips. (Doc. No. 16-1).

**II.  Analysis**

A limited liability company may be served by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment of law to receive serve of process." Fed. R. Civ. P. 4(h)(1)(B).  Service may also be achieved by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

When serving a limited liability company pursuant to Tennessee law, a plaintiff must deliver "a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association." Tenn. R. Civ. P. 4.04(3).  Tennessee Rule of Civil Procedure 4.04(10) expressly allows service by mail. Tenn. R. Civ. P. 4.04(10).  However, for service to be effective, the return receipt must be signed by the defendant, a person designated by Rule 4.04, or by statute. *Id.*

Under Michigan law, service may be made by serving the summons and complaint on 1) the managing member, the non-member manager, or the resident agent; 2) a member or other person in charge of an office or business establishment of the limited liability company and sending

a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company." Mich. Ct. R. 2.105(H)(1-2).

Although Plaintiff has provided evidence that it sent the summons and complaint to the Defendant via certified mail, it has not provided any proof that the person who signed the certified mail receipt is a person authorized to accept service of process under either Tennessee or Michigan law. As this Court has previously explained when evaluating the sufficiency of service by certified mail under Tennessee law,

> Rule 4.03(2) requires any party attempting service by mail to file with the clerk "'the original summons . . . ; an affidavit of the person making service setting forth the person's compliance with the requirements of [Rule 4.03(2)]; and, the return receipt . . . .'" *Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (quoting Tenn. R. Civ. P. 4.03(2)). "'*If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete.* If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.'" *Id.* (emphasis in original). In *Hall v. Haynes*, the Supreme Court of Tennessee explained that "Rule 4.03's explicit restriction of whom [sic] may sign the return receipt" generally requires "'that the return receipt be signed by the defendant and no one else.'" *Id.* (quoting Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 2–3(v) (2d ed. 2004)). As an example of that principle, the court discussed *Edwards v. Campbell*, in which the Tennessee Court of Appeals held that the plaintiffs failed to effect service of process by mail under Rule 4.03 even though the wife and mother of the respective defendants had signed the return receipts. *Id.* (citing No. E2000-01463-COA-R3-CV, 2001 WL 52776 (Tenn. Ct. App. Jan. 23, 2001)).

*Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *4 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019). Similarly, Michigan law requires that proof of service be made by "written acknowledgment of the receipt of a summons and a copy of the complaint, dated and signed by the person to whom the service is directed or by a person authorized under these rules to receive the service of process[.]" *Bankston v. Jackson*, No. 338531, 2018 WL 3945899, at *3 (Mich. Ct. App. Aug. 16, 2018) *citing* Mich. Ct. R. 2.104(A)(1).

3

In lieu of denying Plaintiff's Motion for Entry of Default (Doc. No. 16) at this stage, the Clerk shall hold the Motion in abeyance for fourteen (14) days and directs Plaintiff to 1) show cause why Plaintiff's Motion for Entry of Default should not be denied for failure to prove service of process upon Defendant by providing additional information establishing the recipient's authority to accept service of process for the Defendant under either Tennessee or Michigan law.

s/ Lynda M. Hill
Lynda Motes Hill
Clerk of Court