## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| INGRAM BARGE COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:21-cv-00674 |
| v. | ) | |
| | ) | Judge William L. Campbell, Jr. |
| MICHIGAN SALT PRODUCTS, LLC, | ) | Magistrate Judge Alistair Newbern |
| | ) | |
| Defendant. | ) | |

---

## DEFAULT JUDGMENT

---

Pending before the Clerk is Plaintiff's Motion for Entry of Default Judgment Against Defendant Michigan Salt Products, LLC ("Michigan Salt"), pursuant to Federal Rule of Civil Procedure 55(b)(1). For the following reasons the Motion for Default Judgment is **GRANTED** in part and **DENIED** in part.

Plaintiff filed its Complaint on August 30, 2021. (Doc. No. 1). Upon motion, the Clerk entered default against Michigan Salt on July 1, 2022. (Doc. No. 24). Plaintiff now seeks default judgment against Michigan Salt pursuant to Federal Rule of Civil Procedure 55(b)(1). (Doc. No. 28). In support, Plaintiff submits the Declarations of Brantley Phillips, Jr., and David L. Reisman. (Doc. Nos. 28-1 and 28-2). Plaintiff's Motion summarizes and references financial records attached as exhibits to the Complaint to support its claim for recovery of $439,679.91, which represents $254,482.76 in contract damages plus $185,197.15.00 in contractual interest. Plaintiff also seeks recovery of attorneys' fees and expenses in the amount of $32,160.13, which is supported by the Declarations of Phillips and Reisman. To date, the Defendant has not entered an appearance or otherwise responded to the pending Motion.

1

Upon entry of default, well-pleaded allegations relating to liability are taken as true. *In Re: Family Resorts of America, Inc.*, No. 91-4127, 1992 WL 174539, at *4 (6th Cir. July 24, 1992). Thereafter, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the Clerk may enter default judgment "on the plaintiff's request with an affidavit showing the amount due." Fed. R. Civ. P. 55(b)(1). Upon review of Plaintiff's Motion for Default Judgment (Doc. No. 28), the Declarations Phillips and Reisman, supporting exhibits, and the record as a whole, the Clerk finds the Motion should be granted in part and denied in part without prejudice. Plaintiff's Motion is denied without prejudice only to the extent it seeks recovery of attorneys' fees.

With regard attorneys' fees, such claims are not for a sum certain or a sum that can be made certain by computation under Rule 55(b)(1). "The award of an attorney's fee, whether pursuant to agreement or statute, must be reasonable and not excessive. Such an award should only take account of work actually performed, and fees actually incurred. The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates" *Graceland Fruit, Inc. v. KIC Chemicals, Inc.*, 320 Fed. Appx. 323, 328 (6th Cir. 2008) (internal citations omitted). The need for the Court to determine what constitutes a "reasonable" attorney fee precludes the Clerk of Court from entering a default judgment under Rule 55(b)(1). *Van Zeeland Oil Co., Inc. v. Lawrence Agency, Inc*., No. 2:09-cv-150, 2009 WL 10678619, at *1 (W.D. Mich. Sept. 28, 2009). As a result, Plaintiff's Motion, to the extent it seeks recovery of attorneys' fees, is **DENIED** without prejudice to refiling pursuant to Local Rule 54.01(b).

The Clerk otherwise **GRANTS** Plaintiff's Motion for Default Judgment against Defendant Michigan Salt in the amount of $439,679.91, plus post-judgment interest as provided by 28 U.S.C.

2

§1961. Plaintiff may move for taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.01(a).

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court
